UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID ENNOCENTI and JON STEWART
on behalf of themselves and all other employees
similarly situated,
                                Plaintiffs,

                                                                         **CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

v.

**UNISYS TECHNICAL SERVICES LLC,**            12-CV-_____
**and THE UNISYS CORPORATION.,**

                                     **Defendants.**

Class representatives, David Ennocenti and Jon Stewart (hereinafter "Named Plaintiffs") by their attorney, Stanley J. Matusz, Esq. allege and aver as follows:

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to: redress the deprivation of rights secured to the Named Plaintiffs individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201et seq. ("FLSA") and under the New York Labor Law, for failure to pay promised wages, overtime, commissions and other violations to Named Plaintiffs, individually, as well as other employees similarly situated.

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and 29 U.S.C. § 216(b).

3. This Court's pendant jurisdiction of claims arising under the New York State Labor Law is also invoked under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Western District of New York since the allegations arose in the District, Defendants do business within this District, and the Named Plaintiffs and the Defendants reside in this District.

## PARTIES

5. Unisys Technical Systems LLC is a wholly owned subsidiary of Unisys Corporation, with headquarters located at 801 Lakeview Drive, #100 Blue Bell, Pennsylvania, 19422. Unisys Technical Services LLC and Unisys Corporation (hereinafter "Defendants") operate a call center located at 180 Kenneth Drive, Henrietta, NY 14623, in the Western District of New York, where it engages in a business that employed Named Plaintiffs and other Class Members. Defendants

operate a similar call center in Salt Lake City, Utah and, formerly, a similar call center in Austin, Texas.

6. Defendants are an enterprise engaged in interstate commerce whose annual gross volume of sales is not less than $500,000.

7. Defendants constitute a single, integrated enterprise because they share common management, their operations are interrelated, control of labor relations is centralized and they have common ownership.

8. At all times relevant to this action, Defendants employed the Named Plaintiffs and those similarly situated within 29 U.S.C. § 203(d) and comprised an "enterprise" engaged in interstate commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and (s).

9. This Complaint provides written notice that, pursuant to Section 630 of the New York Business Corporations Law, Named Plaintiffs and all putative plaintiffs intend to hold the ten largest shareholders/members of Defendants personally liable for all unpaid wages.

10. At all relevant times, Named Plaintiffs Ennocenti and Stewart were employees under the Fair Labor Standards Act and New York Labor Law.

11. Named Plaintiff Ennocenti is a resident of the State of New York, residing at 9 West Crest Drive, Rochester, NY 14606.

12. Named Plaintiff Stewart is a resident of the State of New York, residing at 1088 Gleason Circle, East Rochester, NY 14445.

13. The Class Members are those employees similarly situated to Named Plaintiffs.

## CLASS ACTION ALLEGATIONS

14. The claims arising under the New York Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

15. The Class is maintainable under subsections (1), (2), and (3) of Rule 23.

16. The Class (hereinafter referred to as those individuals "similarly situated" or "class members") is defined as those current and former non-exempt employees of Unisys and Unisys Technical Services LLC who were employed in the last six (6) years in call centers in New York, Utah and Texas, whose primary job function was to answer customer calls, including, but not limited to the job titles of "Help Desk Analyst," "Help Desk Agent," "Technical Help Desk Agents," "Computer Technical Support Representative," and/or "Customer Service," and who were not paid for all hours suffered or permitted to work, including overtime pay for hours worked more than forty (40).

17. The Class size is believed to be over five hundred (500) employees.

18. The Named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members, and their claims are typical of, and concurrent to, the claims of the other Class Members.

19. There are no known conflicts of interest between the Named Plaintiffs and the other Class Members.

20. The Class Counsel, Stanley J. Matusz, Esq., is qualified and able to litigate the Class Members' claims. Class Counsel concentrates his practice in employment litigation and specializes in the prosecution of class and collective action litigation for violations of the Fair Labor Standards Act and New York Labor Law.

21. Common questions of law and fact predominate in this action because the claims of all the Class members are based on whether Defendants' failure to properly pay overtime and straight time to non-exempt employees for all hours worked violates the New York Labor Law and other statutes requiring the payment of wages.

22. The Class is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the Class Members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. The Class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdiction in which Unisys does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Unisys.

## FACTUAL BACKGROUND

24. Named Plaintiffs and Class Members were employed by Defendants at call centers in New York and elsewhere in the United States.

25. Throughout their tenures, named Plaintiffs and Class Members worked hours for which they were not paid, including hours worked in excess of forty (40) in a week.

26. To meet Defendants' production goals and complete their required job duties, Named Plaintiffs and Class Members were required to perform work before their scheduled shift and before they were logged onto Defendants' phone system or "queue."

27. Named Plaintiffs and Class Members also performed work after their scheduled shift and after they were logged out of Defendants' phone system or "queue."

28. Named Plaintiffs and Class Members were not compensated by Defendants for all the hours they were suffered or permitted to work because Defendants only paid employees for the time they were logged into Defendants' phone system.

29. Defendants knew Named Plaintiffs and Class Members were not being paid based on the actual hours they were suffered or permitted to work because they tracked the arrival and departure of Named Plaintiffs and Class Members' using identification swipe cards.

30. The net effect of Defendants' pay policy and practice was to willfully deprive Named Plaintiffs and the Class Members of their regular rate of pay for all hours worked, as well as overtime pay for all hours worked in excess of forty (40).

31. In addition, Defendants paid Named Plaintiffs and Class Members non-discretionary bonuses/commissions. Defendants failed to account for these bonus/commissions in calculating Named Plaintiffs and Class Members' overtime pay.

32. Further, Defendants failed to pay agreed-upon commissions to Named Plaintiffs and Class Members according to terms of their commission plan, in violation of the New York Labor Law.

33. Defendants' policy is not to ensure that it pays regular pay, overtime pay and accrued commissions to its employees according to state and federal law.

34. This policy applied to all similarly situated employees of Defendants at each of its call centers in New York, Utah and Texas.

35. Defendants' policy of not properly paying its employees is long-standing and, upon information and belief, has been in effect for at least six (6) years.

36. Defendants' deprivation of proper regular pay, overtime pay and accrued commissions as required by the FLSA and New York Labor Law is willful.

37. In addition, Defendants do not maintain accurate time records with respect to Named Plaintiffs and Class Members, as required by the FLSA and New York Labor Law.

## AS AND FOR A FIRST CLAIM – FAIR LABOR STANDARDS ACT

38. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

39. Defendants willfully violated their obligations under the FLSA and are liable to Named Plaintiffs and those similarly situated.

## AS AND FOR A SECOND CLAIM – NEW YORK LABOR LAW

40. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

41. Defendants willfully violated their obligations under the New York Labor Law and are liable to Named Plaintiffs and those similarly situated.

## TRIAL BY JURY

42. Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, named Plaintiff respectfully request that upon trial this Court enter judgment against Defendants in favor of themselves and those similarly-situated, and that they and those similarly situated be given the following relief:

A. An order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

B. An award of the value of Plaintiffs' unpaid wages, overtime and commissions, including fringe benefits;

C. Liquidated damages under the FLSA equal to 100% of the sum of the amount of the wages and overtime which were not properly paid to the Plaintiffs;

D. Liquidated damages under the New York Labor Law equal to 100% of the sum of the amount of wages, overtime and commissions which were not properly paid to Plaintiffs.

E. An award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating the rights of Named Plaintiffs and those similarly-situated.

F. An award of pre and post judgment interest;

G. Granting such additional relief as this Court deems just and proper.

Dated:   Ithaca, New York
         July 3, 2012

/s/Stanley J. Matusz
Stanley J. Matusz, Esq.
*Attorney for Plaintiffs*
212 N. Sunset Drive
Ithaca, NY 14850
Telephone: 585-730-0564
stanmatusz@gmail.com

232581 1623470.1