```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAVID ENNOCENTI AND JON STEWART,
on behalf of themselves and all
other employees similarly situated,

                    Plaintiffs,            12-CV-6367
          v.                            DECISION AND ORDER

UNISYS TECHNICAL SERVICES, LLC,
AND THE UNISYS CORPORATION

                    Defendants,
_____
```

## INTRODUCTION

Plaintiffs, David Ennocenti and Jon Stewart ("Plaintiffs"), bring this class action on behalf of themselves and all other employees similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law, and Rule 23 of the Federal Rules of Civil Procedure. (Docket No. 1.) Plaintiffs allege that their employer, Unisys Technical Services, LLC, a wholly owned subsidiary of The Unisys Corporation, (collectively, "Defendants"), failed to pay all overtime and bonuses due to Plaintiffs.

Defendants move to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiffs have not set forth a plausible claim to relief. (Docket No. 9.) Plaintiffs oppose the motion and seek to amend the complaint. (Docket Nos. 13-14.) For the reasons discussed herein, the Court grants Defendants' motion to dismiss. Plaintiffs'

complaint is dismissed without prejudice and plaintiffs are granted 30 days to amend the complaint to state a plausible claim to relief.

## BACKGROUND

The following facts are taken from the complaint. (Docket No. 1.) Plaintiffs allege that they were or are employed by Defendants in call centers in Henrietta, New York, Salt Lake City, Utah and Austin, Texas. Plaintiffs "primary job function was to answer customer calls" under the following job titles: Help Desk Analyst, Help Desk Agent, Technical Help Desk Agent, Computer Technical Support Representative, and/or Customer Service.

Plaintiffs allege that they "were not paid for all hours suffered or permitted to work, including overtime pay for hours worked more than forty (40)" for the last six years. They state, "[t]o meet Defendants' production goals and complete their required job duties, Named Plaintiffs and Class Members were required to perform work before their scheduled shift and before they were logged onto Defendants' phone system". They allege that they also performed work after their scheduled shifts, when they were "logged out" of the phone system. However, they allege that they were only paid for the time that they were logged onto the phone system. Plaintiffs state, "Defendants knew Named Plaintiffs and Class Members were not being paid based on the actual hours they

[worked]...because they tracked the arrival and departure of Named Plaintiffs and Class Members using identification swipe cards."

Plaintiffs also allege that "Defendants failed to pay agreed-upon commissions...according to the terms of their commission plan[,]" and that when they did pay these "non-discretionary" commissions or bonuses, "Defendants failed to account for [them] in calculating...overtime pay".

Plaintiffs allege that Defendants practices constitute a policy or practice to "willfully deprive" them of regular and overtime pay as well as bonuses. Lastly, they allege, "Defendants do not maintain accurate time records".

## **DISCUSSION**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)"), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006). The Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991).

The plaintiff must satisfy "a flexible 'plausibility standard.'" See Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 1974. However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted). The court is also not required to credit conclusory statements unsupported by factual allegations. See, e.g., Otor, S.A. v. Credit Lyonnais, S.A., 2006 WL 2613775, at *2 (S.D.N.Y.2006); see also Davey v. Jones, 2007 WL 1378428, at *2 (S.D.N.Y.2007) (citation omitted) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.").

Defendants first argue that Plaintiffs' FLSA overtime claims must be dismissed because Plaintiffs failed to allege the approximate number of overtime hours worked without payment. Def. Mem of Law at 8-10, Docket No. 9-3. Plaintiffs allege that they were not paid for hours worked in excess of forty hours per week.

They have not alleged when such hours were worked, what they were required to do during such hours, or approximately how many hours over forty they worked each week. District Courts in this Circuit and others have found that such allegations are insufficient to state a plausible claim for relief under the FLSA, and that a plaintiff must at least attempt an approximation of the number of overtime hours worked. See Smith v. Master craft Decorators, Inc., 2011 WL 5191755, *3 (W.D.N.Y. Oct. 31, 2011)(citing cases); see also DeSilva v. North Shore-Long Island Jewish Heath System, Inc., 770 F.Supp.2d 497, 509 (E.D.N.Y. 2011)(citing cases); Mell v. GNC Corp., 2010 WL 4668966, at *7 (W.D.Pa. Nov. 9, 2010). Plaintiffs must set forth factual allegations to support their conclusion that Defendants violated the FLSA by failing to pay them for overtime. However, Plaintiffs allegations merely state that Plaintiffs worked more than 40 hours per week over the course of several years without adequate pay, without providing facts to support this conclusory allegation. For example, Plaintiffs have not alleged when they worked overtime, approximately how much overtime was worked or what tasks were performed. Therefore, this Court finds that Plaintiffs allegations are insufficient to state a plausible claim to relief for unpaid overtime under the FLSA.

Further, Plaintiffs allegations that they performed work before and after they were logged onto the Defendants' phone system does not provide the factual support necessary to render their

complaint plausible.   There is no indication on the face of the complaint what work was performed during the time that Plaintiffs were not logged into the phone system or how such work is compensable under the FLSA.   The fact that the Defendants are alleged to have used a swipe card system to keep track of when Plaintiffs entered and exited the call centers does not support an inference that they performed compensable work from the time they entered the call center using the swipe card until they logged onto the phone system.   Not all time spent at work is compensable. See IBP, Inc. v. Alvarez, 546 U.S. 21 (2005); see also DeSilva, 770 F.Supp.2d at 510.

Plaintiffs also allege that they were paid non-discretionary bonuses and that such bonuses were not included within the calculation of overtime under the FLSA, and that the Defendants failed to keep adequate time records in violation of the FLSA. However, the Plaintiffs offer no facts in support of these claims. For example, Plaintiffs have not alleged when such bonuses were earned in addition to overtime such that they should have been included within the calculation for overtime pay.   The complaint also does not contain facts regarding the nature of the bonus plans or how such bonuses fall within the definition of payments required to be included within the overtime calculation under the FLSA. With respect to the allegation that the Defendants failed to keep adequate time records, Plaintiffs do not identify which time

records were improperly maintained or how the records were improperly maintained under the FLSA.  Without more, these allegations are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]", which are insufficient to state a claim to relief under the FLSA.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 555).  Therefore, Plaintiffs' claims under the FLSA are dismissed without prejudice.

As all of the federal claims have been dismissed at this early stage, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)("...when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); see also Valencia ex rel Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). Therefore, Plaintiffs' state law claims are dismissed without prejudice.[1]

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that a Court should "freely give leave [to amend the complaint] when justice so requires."  Leave to amend a complaint

---

[1] Defendants also argue that Plaintiffs' complaint should be dismissed for other reasons. However, because the Court finds that Plaintiffs have not adequately plead a claim under the FLSA and declines to exercise its supplemental jurisdiction over the remaining state law claims, the Court need not address these remaining arguments.

dismissed pursuant to Rule 12(b)(6) should ordinarily be granted. See Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). Accordingly, the Court grants Plaintiffs' request to amend the complaint to state a plausible claim to relief. Plaintiff must file any amended complaint within 30 days of the date of this order.

## CONCLUSION

For the reasons set forth herein, the Court finds that Plaintiffs have not stated a plausible claim to relief under the FLSA. The Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims. Plaintiff is granted 30 days from the date of this order to file an amended complaint.

**ALL OF THE ABOVE IS SO ORDERED.**

                  S/ MICHAEL A. TELESCA
                HON. MICHAEL A. TELESCA
                United States District Judge

Dated:  Rochester, New York
      November 7, 2012