UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID ENNOCENTI, JON STEWART,
CHARLES TUTTY and RICHARD
MENDELICK on behalf of themselves
and all other employees similarly
situated,

       Plaintiffs,

             FIRST AMENDED CLASS
             ACTION AND
             COLLECTIVE ACTION
             COMPLAINT AND
             DEMAND FOR JURY
             TRIAL

v.

UNISYS TECHNICAL SERVICES LLC,   12-CV-6367(MAT)
and THE UNISYS CORPORATION.,

       Defendants.

David Ennocenti, Jon Stewart, Charles Tutty and Richard Mendelick (hereinafter "Named Plaintiffs" or "Class Representatives") by their attorney, Stanley J. Matusz, Esq. allege and aver as follows:

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to: redress the deprivation of rights secured to the Named Plaintiffs individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201et seq. ("FLSA") and under the New York Labor Law, for failure to pay promised wages and overtime to Named Plaintiffs, individually, as well as other employees of Defendants who are similarly situated.

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and 29 U.S.C. § 216(b).

3. This Court's pendant jurisdiction of claims arising under the New York State Labor Law is also invoked under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Western District of New York since the allegations arose in the District, Defendants do business within this District, and the Named Plaintiffs and the Defendants reside in this District.

## PARTIES

5. Unisys Technical Systems LLC is a wholly owned subsidiary of Unisys Corporation, with headquarters located at 801 Lakeview Drive, #100 Blue Bell, Pennsylvania, 19422. Unisys Technical Services LLC and Unisys Corporation (hereinafter "Defendants") operate a call center located at 180 Kenneth Drive, Henrietta, NY 14623, in the Western District of New York, where it engages in a

business that employed Named Plaintiffs and other Class Members. Defendants operate a similar call center in Salt Lake City, Utah and, formerly, a similar call center in Austin, Texas.

6. Defendants are an enterprise engaged in interstate commerce whose annual gross volume of sales is not less than $500,000.

7. Defendants constitute a single, integrated enterprise because they share common management, their operations are interrelated, control of labor relations is centralized and they have common ownership.

8. At all times relevant to this action, Defendants employed the Named Plaintiffs and those similarly situated within 29 U.S.C. § 203(d) and comprised an "enterprise" engaged in interstate commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and (s).

9. At all relevant times, Named Plaintiffs Ennocenti, Stewart, Tutty and Mendelick were employees under the Fair Labor Standards Act and New York Labor Law.

10. Named Plaintiff David Ennocenti is a resident of the State of New York, residing at 9 West Crest Drive, Rochester, NY 14606. He was employed by Defendants from approximately September, 2008 through April, 2011.

11. Named Plaintiff Jon Stewart is a resident of the State of New York, residing at 1088 Gleason Circle, East Rochester, NY 14445. He was employed by Defendants from approximately December, 2007 through February, 2010.

12. Named Plaintiff Charles Tutty is a resident of the State of New York, residing at 196 Cole Avenue, Rochester, NY 14606. He was employed by Defendants from approximately October, 2008 through April, 2010.

13. Named Plaintiff Richard Mendelick is a resident of the State of New York, residing at 11 Maywood Drive, Rochester, NY 14618. He was employed by Defendants from approximately January, 2009 through November, 2011.

14. The Class Members are those employees similarly situated to Named Plaintiffs.

## CLASS ACTION ALLEGATIONS UNDER NEW YORK LABOR LAW

15. The claims arising under the New York Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

16. The Class is maintainable under subsections (1), (2), and (3) of Rule 23.

17. The Class (hereinafter referred to as those individuals "similarly situated" or "class members") is defined as those current and former, non-exempt, full, part-time and contract employees of Unisys and Unisys Technical Services LLC who were employed since July 9, 2006 in call centers in New York, who were not paid for all hours suffered or permitted to work, including overtime pay for hours worked more than forty (40), and whose primary job function was to answer customer calls. This would include, but not be limited to, the job titles of "Help Desk Analyst," "Help Desk Agent," "Technical Help Desk Agents," "Computer Technical Support Representative," and/or "Customer Service."

18. The Class size is believed to be over five hundred (500) employees, which makes the class so numerous that joinder of all members is impracticable.

19. The Named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members, and their claims are typical of, and concurrent to, the claims of the other Class Members.

20. There are no known conflicts of interest between the Named Plaintiffs and the other Class Members.

21. The Class Counsel, Stanley J. Matusz, Esq., is qualified and able to litigate the Class Members' claims. Class Counsel concentrates his practice in employment litigation and specializes in the prosecution of class and collective action litigation for violations of the Fair Labor Standards Act and New York Labor Law.

22. Common questions of law and fact predominate in this action because the claims of all the Class Members are based on whether Defendant failed to properly pay overtime and straight time to non-exempt employees for all hours worked in violation of the New York Labor Law.

23. The Class is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the Class Members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. The Class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual Class Members would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.

## FACTUAL BACKGROUND

25. Named Plaintiffs and Class Members were employed by Defendants at call centers in New York and elsewhere in the United States.

26. Throughout their tenures, named Plaintiffs and Class Members worked hours for which they were not paid, including hours worked in excess of forty (40) in a week.

27. Named Plaintiffs and Class Members were required to perform work before their scheduled shift and before they were logged onto Defendants' phone system or "queue" to meet Defendants' production goals and complete their required job duties. However, Defendants instructed their employees to only record the time they were logged into Defendants' phone system. Defendants' policy systematically deprived Named Plaintiffs and Class Members of regular and overtime pay for all the hours they worked prior to logging into the phone system.

28. The uncompensated activities performed by Named Plaintiffs and Class Members after the time they swiped into the building but before the start of their shift include, but are not limited to: logging onto the computer to read "bulletin boards" announcing outages and account issues; reviewing Defendants' email messages; running computer updates; reviewing explanations on software packages; reviewing troubleshooting techniques; bringing up different computer programs; reviewing scripts; checking open tickets; and checking tickets that had been reassigned which would require follow-up. All the time spent performing these tasks was compensable time under both the FLSA and New York Labor Law.

29. Named Plaintiffs and Class Members also performed the same tasks set forth above after their scheduled shift ended and after they were logged out of Defendants' phone system or "queue." Since Defendants' policy was to only pay

employees for the time they were logged into Defendants' phone system, and they instructed their employees to only record the time they were logged into Defendants' phone system. Defendants also deprived Named Plaintiffs and Class members of regular and overtime pay for all the hours they worked after they logged off the phone system. All the time spent performing these tasks was compensable time under both the FLSA and New York Labor Law.

30. Additionally, the full-time Named Plaintiffs and Class Members were frequently required to work into their lunch breaks taking phone taking calls. Rather than paying employees for this time worked, Defendants' policy was to automatically deduct an hour of time for the lunch break despite the fact that the full lunch period was not used by the Named Plaintiffs and Class Members. This means Defendants deprived the Named Plaintiffs and Class Members of additional wages for time worked during their scheduled lunches. All the time spent performing phone tasks was compensable time under both the FLSA and New York Labor Law.

31. As a net result of these policies, Named Plaintiffs and Class Members were not paid for approximately 25 to 90 minutes of compensable work on a daily basis. This occurred throughout the duration of their employment. On a weekly basis, Named Plaintiffs and Class Members were not paid for approximately 1.67 to 7.5 hours of work per week throughout the entire duration of their employment. Defendants' part-time employees account for the lower end of these ranges and their full-time employees account for the higher end of these ranges.

32. Defendants knew they were not compensating Named Plaintiffs and Class Members for all the hours they were working. Defendants knew because they tracked the arrival and departure of Named Plaintiffs and Class Members' using identification swipe cards. In addition, they knew Named Plaintiffs and Class Members were performing work before and after logging in and out of the phone system, and yet they instructed the Named Plaintiffs and Class Members to only record hours when they were logged into Defendants' phone system. Defendants' actions constitute willful violations of both the FLSA and New York Labor Law.

33. The net effect of Defendants' policies was to willfully deprive Named Plaintiffs and the Class Members of their regular rate of pay for all hours worked, as well as overtime pay for all hours worked in excess of forty (40).

34. Defendants' policies ensure that they do not pay regular and overtime pay to its employees according to state and federal law.

35. These policies applied to all similarly situated employees of Defendants.

36. Defendants' policies of not properly paying its employees is long-standing and, upon information and belief, has been in effect for at least six (6) years.

37. Defendants' deprivation of proper regular pay and overtime pay required by the FLSA and New York Labor Law is willful.

## AS AND FOR A FIRST CLAIM – FAIR LABOR STANDARDS ACT

38. Named Plaintiffs reallege the above paragraphs as if fully restated herein.

39. Defendant's policies were applied to all similarly situated employees of Defendants at each of its call centers in New York, Utah and Texas. Accordingly, this action is maintainable as a Collective Action, pursuant to FLSA § 216(b).

40. Defendants willfully violated their obligations under the FLSA and are liable to Named Plaintiffs and those similarly situated.

## AS AND FOR A SECOND CLAIM – NEW YORK LABOR LAW

41. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

42. Defendants willfully violated their obligations under the New York Labor Law and are liable to Named Plaintiffs and those similarly situated.

## TRIAL BY JURY

43. Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, named Plaintiff respectfully request that upon trial this Court enter judgment against Defendants in favor of themselves and those similarly-situated, and that they and those similarly situated be given the following relief:

A. An order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

B. An award of the value of Plaintiffs' unpaid wages, overtime and fringe benefits;

C. Liquidated damages under the FLSA equal to 100% of the sum of the amount of the wages and overtime which were not properly paid to the Plaintiffs;

D. Liquidated damages under the New York Labor Law equal to 100% of the sum of the amount of wages and overtime which were not properly paid to Plaintiffs.

E. An award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating the rights of Named Plaintiffs and those similarly-situated.

F. An award of pre and post judgment interest;

G. Granting such additional relief as this Court deems just and proper.

Dated:    Ithaca, New York
          November 16, 2012

/s/Stanley J. Matusz
Stanley J. Matusz, Esq.
*Attorney for Plaintiffs*
212 N. Sunset Drive
Ithaca, NY 14850
Telephone: 585-730-0564
stanmatusz@gmail.com

232581 16234/0.1