```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAVID ENNOCENTI, JON STEWART, RICHARD
MANDELIK, ANTHONY FALSO, JR., TONI NOBLE
AND CHARLES TUTTY on behalf of themselves
and all other employees similarly situated,

                         Plaintiffs,           12-CV-6367
             v.                            DECISION AND ORDER

UNISYS TECHNICAL SERVICES, LLC,
AND THE UNISYS CORPORATION

                         Defendants,
_____
```

## INTRODUCTION

Plaintiffs, David Ennocenti, Jon Stewart, Richard Mandelik, Anthony Falso, Jr., Toni Noble and Charles Tutty ("Plaintiffs"), bring this class action on behalf of themselves and all other employees similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York State labor law ("NYLL"), and Rule 23 of the Federal Rules of Civil Procedure. (Docket No. 24.)  Plaintiffs allege that their employer, Unisys Technical Services, LLC, a wholly owned subsidiary of The Unisys Corporation, (collectively, "Defendants"), failed to pay all regular and overtime wages due to Plaintiffs.

Defendants move to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiffs have not set forth a plausible claim to relief. (Docket No. 26.)  Plaintiffs oppose the motion. (Docket No. 27.)  For the reasons discussed herein, Defendants' motion to

1

dismiss is denied.

**BACKGROUND**

The following facts are taken from the amended complaint. (Docket No. 24.) Plaintiffs were employed by the Defendants in call centers in New York and elsewhere. Plaintiffs allege that they worked more than 40 hours per week and were not paid all regular and overtime wages due. They estimate that they were not paid for approximately 25 to 90 minutes of compensable work time on a daily basis throughout the duration of their employment.

Plaintiffs allege that they were required to perform the following tasks before and/or after their scheduled shift: reading "bulletin boards" which announced outages and account issues; reviewing e-mail; running computer updates; reviewing software explanations; reviewing trouble shooting techniques; bringing up computer programs; reviewing scripts; checking open tickets and tickets that were reassigned or required follow-up. They also allege that this work was performed before and/or after they were logged onto Defendant's phone system and that Defendants instructed their employees to record only the time they were logged into the phone system for compensation purposes. Plaintiffs additionally allege that they were required to take phone calls during lunch breaks, but that Defendants automatically deducted an hour of time for full time employees' lunch breaks.

Plaintiffs allege that Defendants knew that they were

performing work for which they were not compensated because they tracked the arrival and departure of employees though a swipe card system. Plaintiffs also allege that Defendants knew they were performing work before and after they were logged into the phone system, because Defendants required them to perform specific tasks during this time but instructed Plaintiffs to only record the hours they were logged into the phone system.

Finally, Plaintiffs allege that the Defendants' actions constitute willful violations of the FLSA and NYLL. They also allege that it is Defendants' policy to fail to pay their employees regular and overtime wages.

## **DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure does not require heightened fact pleading, but merely requires the plaintiff to "give the defendant fair notice of [plaintiff's] claim is and the grounds upon which it rests." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" See Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007). "[O]nce a claim has been stated adequately,

it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 1974. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court's belief or disbelief in a complaint's factual allegations or its belief that a "recovery is very remote and unlikely" does not factor into a decision under Rule 12(b)(6). See id.

Plaintiffs' Claims

A claim for failure to pay regular or overtime wages under the FLSA requires that a plaintiff plead and prove "that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Keubel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011). Defendants argue that Plaintiffs' allegations are conclusory and do not satisfy the plausibility standard set forth above.

Plaintiffs allege that the Defendants required them to perform certain, specified tasks before and after they were logged into the phone system, and that they also instructed Plaintiffs to record only those hours they were logged into the phone system for compensation purposes. Plaintiffs allege that based on this

practice, they worked between 25 and 90 minutes each day for the entirety of their employment for which they were not compensated. Based on these allegations, the Court can infer that the Defendants had actual or constructive knowledge that the Plaintiffs were performing work for which they were not compensated because they required worked to be performed while the Plaintiff's were not logged into the phone system and then instructed them not to record those hours for compensation purposes. While not commenting on the strength of the Plaintiffs' case, the Court finds that these allegations are sufficient to give Defendants fair notice of the claims and the grounds on which they rest. See Hinterberger v. Catholic Health, 2008 WL 5114258 (W.D.N.Y. 2008).

Defendants also contend that even if Plaintiffs adequately stated an ordinary violation of the FLSA and NYLL, their allegations regarding a willful violation and their entitlement to liquidated damages are insufficient. "An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." Keubel, 643 F.3d at 366. The standard for determining whether liquidated damages are recoverable under NYLL "does not appreciably differ from the FLSA's willfulness standard." Id. As stated above, Plaintiffs allege that the Defendants required them to perform certain specified tasks before and after they were logged into the Defendants phone system and then instructed them to record only

those hours for which they were logged into the phone system for compensation. These facts, while minimal, are sufficient to plausibly allege that the Defendants knew that the Plaintiffs were performing compensable work for which they were not being paid by instructing them not to record this work for compensation. The Court finds that this is sufficient to plausibly allege a willful violation of the statutes.

Accordingly, the Court finds that Plaintiffs have plausibly alleged their claims under the FLSA and NYLL. Therefore, Defendants' motion to dismiss is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

               S/ MICHAEL A. TELESCA
               HON. MICHAEL A. TELESCA
               United States District Judge

Dated:  Rochester, New York
      January 18, 2013